**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Anthony Bonin,<br><br>    Petitioner,<br><br>vs.<br><br>Charles L. Ryan; et al.,<br><br>    Respondents. | No. CIV 13-653-TUC-RM (LAB)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Pending before the court is a petition for writ of habeas corpus filed on July 15, 2013, by Steve Anthony Bonin, an inmate confined in the Arizona State Prison Complex in Florence, Arizona. (Doc. 1) Bonin claims the evidence presented against him at trial was insufficient to support his convictions and the trial court's jury instructions were error.

Pursuant to the Rules of Practice of this court, this matter was referred to Magistrate Judge Bowman for report and recommendation. LRCiv 72.2(a)(2).

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the petition. Four of Bonin's claims should be denied on the merits. The remainder are procedurally defaulted.

Summary of the Case

Bonin was convicted after a jury trial of aggravated DUI with at least two prior DUI violations within 84 months, aggravated DUI with a blood alcohol concentration of 0.08 or

higher with at least two prior DUI violations within 84 months, and DUI while a minor is present. (Doc. 20-3, p. 63) The trial court sentenced Bonin "to two terms of eight years' imprisonment and one term of three years' imprisonment, all to be served concurrently." *Id*.

On direct appeal, Bonin argued (1) the evidence was insufficient to prove he had two prior DUI convictions within 84 months of the current offense, (2) the lesser included jury instruction was misleading, (3) the trial court's supplemental instruction on the method for calculating the 84-month period was given at the wrong time, and (4) the jury should have accepted the testimony of his expert, Chester Flaxmayer. (Doc. 20-3, pp. 63-69) Nevertheless, the Arizona Court of Appeals affirmed Bonin's convictions and sentences on June 29, 2012. (Doc. 20-3, p. 62) Bonin did not seek review from the Arizona Supreme Court. (Doc. 20, p. 3)

On June 27, 2013, Bonin filed a notice of post-conviction relief. (Doc. 20, p. 3) The trial court dismissed the petition as untimely on July 24, 2013. *Id*. Bonin did not seek review from the court of appeals. (Doc. 20, p. 4)

On July 15, 2013, Bonin filed the pending petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1) He argues (1)(a) the trial court erred by giving a supplemental jury instruction during closing arguments and (1)(b) trial counsel and (1)(c) appellate counsel were ineffective for failing to develop the issue on direct review; (2)(a) the jury erred in finding him guilty in light of the testimony of his expert, Chester Flaxmayer and (2)(b) trial counsel and (2)(c) appellate counsel were ineffective for failing to develop the issue on direct review; (3)(a) insufficient evidence was presented to establish the existence of his prior DUI convictions and (3)(b) trial counsel and (3)(c) appellate counsel were ineffective for failing to develop the issue on direct review; (4)(a) the lesser included jury instruction was error and (4)(b) trial counsel and (4)(c) appellate counsel were ineffective for failing to develop the issue on direct review; (5) appellate counsel was ineffective for failing to supply Bonin with transcripts of the voir dire; (6) appellate counsel was ineffective for failing to forward the case file within 30 days of the appellate court's decision, and (7) trial and appellate counsel were ineffective. (Doc 1)

On June 19, 2014, the respondents filed an answer arguing Bonin's trial claims are meritless and his ineffective assistance claims are procedurally defaulted. (Doc. 20) Bonin did not file a reply.

Discussion

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). If the petitioner is in custody pursuant to the judgment of a state court, the writ will not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The petitioner must shoulder an additional burden if the state court considered the issues and made findings of fact.

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C.A. § 2254 (e)(1).

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court clearly erred in its application of Supreme Court law. *Pirtle*

- 3 -

*v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002), *cert. denied*, 539 U.S. 916 (2003). If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Brown v. Palmateer*, 379 F.3d 1089, 1092 (9th Cir. 2004).

Federal habeas review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

28 U.S.C. § 2254(b)(1)(A). This rule permits the states "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal punctuation removed).

To be properly exhausted, the federal claim must be "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). In other words, the state courts must be apprised of the issue and given the first opportunity to rule on the merits. *Id.* at 275-76. Accordingly, the petitioner must "present the state courts with the same claim he urges upon the federal courts." *Id.* "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

In addition, the petitioner must explicitly alert the state court that he is raising a federal constitutional claim. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Casey v. Moore*, 386 F.3d 896, 910-11 (9th Cir. 2004), *cert. denied*, 545 U.S. 1146 (2005). The petitioner must make the federal basis of the claim explicit either by citing specific provisions of federal law or federal case law, even if the federal basis of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona, he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399

F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 546 U.S. 818 (2005); *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000). If state remedies have not been exhausted, the petition may not be granted and ordinarily should be dismissed. *See Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991). In the alternative, the court has the authority to deny on the merits rather than dismiss for failure to exhaust. 28 U.S.C. § 2254(b)(2).

A claim is "procedurally defaulted" if the state court declined to address the issue on the merits for procedural reasons. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002). Procedural default also occurs if the claim was not presented to the state court and it is clear the state would now refuse to address the merits of the claim for procedural reasons. *Id.*

Discussion

In Claim (1)(a), Bonin argues the trial court erred when it gave a supplemental jury instruction during closing arguments. The respondents concede this argument was exhausted but argue it should be denied on the merits. The court agrees.

Bonin was charged with aggravated DUI with at least two prior DUI violations within 84 months and aggravated DUI with a blood alcohol concentration of 0.08 or higher with at least two prior DUI violations within 84 months. The state introduced evidence that Bonin previously had been convicted of DUI on January 5, 1997 and March 2, 1997. (Doc. 20-3, p. 65) His current offense date was February 27, 2008. *Id.*, p. 66. The interval between the priors and the current offense was greater than 84 months. In fact, it was approximately 132 months. The pertinent statute, however, excludes time spent incarcerated, and the state presented evidence that Bonin was incarcerated for 67 months during this interval. Accordingly, the state presented evidence that Bonin's prior DUI convictions occurred within 84 months of his current offense date for the purposes of the statute.

At trial, the state introduced evidence of Bonin's prior convictions and incarcerations. Prior to closing arguments, the court gave the jury its instructions. During the state's closing argument, however, the prosecutor attempted to explain to the jury for the first time that time spent incarcerated was excluded from the statutory 84-month interval. (Doc. , Exhibit I, pp.

131) The defendant objected, and the court ruled that the prosecutor could not explain the law to the jury. *Id*. Nevertheless, over the defendant's objections, the court decided to give the jury a supplemental instruction explaining that time spent incarcerated was excluded from the statutory 84-month interval. *Id*.

On direct appeal, Bonin objected to the trial court's instruction. (Doc. 20-3, pp. 67-68) He did not object to the content of the instruction. *Id*. Instead, he objected to the timing of the instruction coming in the middle of the state's closing argument after "final" jury instructions were read. *Id*. The court of appeals held that there was no error because Bonin was not objecting to the content of the instruction, only its timing, and the trial court had not abused its discretion by giving the supplemental instruction when it did. *Id*.

The decision of the court of appeals was not contrary to or an unreasonable application of Supreme Court law. Where a petitioner brings a challenge to a jury instruction, habeas relief is only available if "the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482 (1991). Here, there was nothing wrong with the content of the instruction. It was just given at an odd time. The timing of the instruction, by itself, did not infect the entire trial in a way that violated due process.

In Claim (2)(a), Bonin argues the jury erred in finding him guilty in light of the testimony of his expert, Chester Flaxmayer. The respondents concede this argument was exhausted but argue it should be denied on the merits. The court agrees.

At trial, the state introduced scientific evidence establishing Bonin's blood alcohol level. Bonin's expert, however, testified that the blood alcohol machine could have given an incorrect result. For example, the result could have been influenced by mouthwash, body temperature, breathing patterns, or the composition of Bonin's blood. (Doc. 20-3, pp. 68-69) Bonin argues his expert supplied "sufficient doubt" such that he should not have been found guilty.

Bonin raised this issue in his direct appeal. The court of appeals rejected this claim explaining that Bonin's conviction must be upheld if sufficient evidence was presented to support the verdict, and such was the case.

On habeas review, "it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Cavazos v. Smith*, __ U.S. __,__, 132 S.Ct. 2, 4 (2011) "A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Id*. "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Id*. "The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id*.

In this case, the state introduced evidence sufficient to support the verdict. Bonin, on the other hand, introduced evidence showing reasons why the state's evidence should not be believed. The jury was free to accept Bonin's evidence, but they chose not to do so. That was their prerogative. The fact that Bonin offered evidence that could have supported a not guilty verdict does not mean that the state's evidence was insufficient.

Habeas relief on this claim is only available if Bonin introduced evidence at trial so compelling that no reasonable juror could have accepted the state's evidence. That was not the case here. Bonin's expert offered reasons why the blood alcohol machine might not have given a correct result. The jury was free to accept or reject that testimony. They chose to reject it. The decision of the court of appeals rejecting this claim was not contrary to or an unreasonable application of Supreme Court law. *See, e.g., Cavazos v. Smith*, __ U.S. __, __, 132 S.Ct. 2, 4 (2011) (The evidence was sufficient to support a conviction even though the jury was offered conflicting expert testimony.).

In Claim (3)(a), Bonin argues the evidence was insufficient to prove he had been incarcerated for 67 months during the period of time between his prior DUI convictions and the charged offense. The respondents concede this argument was exhausted but argue it should be denied on the merits. The court agrees.

At trial, the state introduced documentary evidence from the Arizona Department of Corrections that purported to show when he was incarcerated and when he was released. Bonin argued on direct appeal that this evidence was confusing and without accompanying expert

testimony, could not establish that he had been incarcerated for 67 months between his prior DUI convictions and the charged offense. The court of appeals concluded that while the DOC document could have been confusing by itself, this confusion was clarified by the court minute entries, also introduced into evidence, clearly stating that Bonin had been convicted for DUI offenses on January 5, 1997 and March 2, 1997. (Doc. 20-3, pp. 64-66) Together, the evidence introduced by the state was sufficient to establish the existence of the 67-month period of incarceration, which tolled the 84-month period between Bonin's prior DUI convictions and his charged offense. *Id.*

The court concludes sufficient evidence was presented to support the state's case. Evidence was presented from which a reasonable juror could conclude that Bonin was incarcerated for 67 months between his prior DUI convictions and the charged offense, and subtracting this time, the interval between the priors and the charged offense was less than 84 months. The decision of the court of appeals rejecting this claim was not contrary to or an unreasonable application of Supreme Court law.

In Claim 4(a), Bonin argues the trial court's instruction on a lesser included offense was error. The respondents concede this argument was exhausted but argue it should be denied on the merits. The court agrees.

At trial, the court instructed the jury on the charged offenses and also gave an instruction on a lesser included offense. (Doc. 20-3, pp. 66-68) The court told the jury that it could convict Bonin of simple DUI if it could not agree that he was guilty of aggravated DUI "having committed or been convicted of two or more prior DUI violations." *Id.* Bonin argues this instruction was error because in describing the offense of aggravated DUI, the court failed to state that the prior DUI violations must have occurred within 84 months of the charged offense. This instruction, he argues, could have caused the jury to convict him of aggravated DUI without finding that his two prior DUI convictions occurred within 84 months of the charged offense (with tolling included).

The court of appeals considered this claim and found the jury instructions as a whole were not error. (Doc. 20-3, pp. 66-68) The trial court correctly instructed the jury about each

of the charged offenses specifically explaining the interval requirement. *Id.* Accordingly, the fact that the interval requirement was not included in the lesser included jury instruction did not result in error. *Id.*

The decision of the court of appeals rejecting this claim was not contrary to or an unreasonable application of Supreme Court law. The jury instructions taken as a whole adequately advised the jury as to the elements of his offenses. The lesser included instruction, assuming it was error, did not infect the entire trial in a way that rendered the whole proceeding unfair. *Estelle v. McGuire*, 502 U.S. 62, 72, 112 S.Ct. 475, 482 (1991).

Bonin's remaining claims allege ineffective assistance by trial counsel and appellate counsel. Bonin argues he raised these claims in his notice of post-conviction relief filed with the trial court. Assuming without deciding that he raised them there, the court finds none of them were presented to the Arizona Court of Appeals. (Doc. 1) These claims therefore were not properly exhausted. If they were presented now, they would be rejected as untimely. Ariz.R.Crim.P. 32.9(c) ("Within thirty days after the final decision of the trial court on the petition for post-conviction relief or the motion for rehearing, any party aggrieved may petition the appropriate appellate court for review of the actions of the trial court."). These claims are therefore procedurally defaulted and must be denied.

Procedural default may be excused if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).

Bonin concedes his default but argues his failure to file a timely post-conviction relief petition with the trial court in the first place was due to his appellate counsel's failure to inform him of the filing deadline. The trial court, however, found that Bonin had been informed of this deadline at his sentencing hearing. (Doc. 20-5, pp. 2-3) In fact, the record contains a written document entitled Notice of Rights of Review After Conviction signed by Bonin that specifically explained the deadline for filing a notice of post-conviction relief. *Id.* Accordingly,

the trial court concluded appellate counsel was not responsible for Bonin's failure to file his notice of post-conviction relief in a timely manner. *Id*.

This court likewise concludes that appellate counsel did not cause Bonin's procedural default. *See* 28 U.S.C.A. § 2254 (e)(1). Moreover, Bonin did not file a reply arguing that failure to address his defaulted claims will result in a fundamental miscarriage of justice. His procedurally defaulted claims must be denied.

Bonin further argues his procedural default should be excused pursuant to *Martinez v. Ryan*, __ U.S. __, 132 S.Ct. 1309 (2012). *Martinez* holds that procedural default of a claim of ineffective assistance of trial counsel could be excused if post-conviction relief counsel was ineffective. In this case, Bonin was never appointed post-conviction relief counsel in the first place. *Martinez*, therefore, does not apply to his case.

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order Denying the petition for writ of habeas corpus. (Doc. 1)

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived. The Local Rules permit a response to an objection. They do not permit a reply to a response.

DATED this 16th day of September, 2014.

Leslie A. Bowman
United States Magistrate Judge