1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9  Steven Anthony Bonin,                    No. CV-13-00653-TUC-RM

10                      Petitioner,          **ORDER**

11  v.

12  Charles L. Ryan, et al.,

13                      Respondents.

14

15        Pending before the Court is a Report and Recommendation (Doc. 22) issued by

16  Magistrate Judge Leslie A. Bowman.   In the Report and Recommendation, Judge

17  Bowman recommends denying Petitioner Steven Bonin's Petition for Writ of Habeas

18  Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254.  No objections were filed.

19  ***I.       Standard of Review***

20        A district judge must "make a de novo determination of those portions" of a

21  magistrate judge's "report or specified proposed findings or recommendations to which

22  objection is made."  28 U.S.C. §636(b)(1)(C); *see also* Rule 8(b) of the Rules Governing

23  2254 Cases in the United States District Courts.  The advisory committee notes to Rule

24  72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is

25  filed, the court need only satisfy itself that there is no clear error on the face of the record

26  in order to accept the recommendation" of a magistrate judge.  *See also Prior v. Ryan*,

27  2012 WL 1344286, *1 (D. Ariz. Apr. 8, 2012) (reviewing for clear error unobjected-to

28  portions of Report and Recommendation on § 2254 petition); *Johnson v. Zema Sys.*

1    *Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is

2    made, the district judge reviews those unobjected portions for clear error.").

3    **II.    Analysis**

4         **A.    Judge Bowman's Report and Recommendation**

5         In his Petition, Mr. Bonin raises seven claims.  Judge Bowman found that four of

6    these claims had been properly exhausted but nonetheless should be denied on the merits.

7    This Court finds no error in Judge Bowman's thorough and carefully reasoned discussion

8    of these four claims.

9         Judge Bowman found that the remaining three claims were incurably procedurally

10   defaulted.  Each of these claims involves accusations of ineffective assistance of counsel.

11   Specifically, the remaining claims allege that Mr. Bonin's (1) appellate counsel was

12   ineffective for failing to give him transcripts of voir dire; (2) appellate counsel was

13   ineffective for failing to give him the case file within 30 days of the Arizona Court of

14   Appeal's affirmance of his conviction; and (3) appellate and trial counsel were generally

15   ineffective.[1]

16        Judge Bowman recognized that a procedural default can be cured if a petitioner

17   can "demonstrate cause for the default and actual prejudice as a result of the alleged

18   violation of federal law," *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998), but

19   found that Mr. Bonin could not "demonstrate cause."  Of particular notice to this Court,

20   Judge Bowman addressed Mr. Bonin's argument that *Martinez v. Ryan*, 132 S. Ct. 1309

21   (2012), allowed him to demonstrate cause by showing that he did not have counsel during

22   the post-conviction relief process—the first opportunity that he had to raise his

23   ineffective assistance of counsel claim:

24        Bonin further agues his procedural default should be excused pursuant to
         *Martinez v. Ryan*[].  *Martinez* holds that procedural default of a claim of
25        ineffective assistance of trial counsel could be excused if post-conviction
         relief counsel was ineffective.  In this case, Bonin was never appointed
26        post-conviction relief counsel in the first place.  *Martinez*, therefore, does

27
28        [1] Although Mr. Bonin was represented by the same counsel during the trial and
     direct appeal, only the third claim of general ineffective assistance of counsel puts forth
     any argument that counsel was ineffective in his representation of Mr. Bonin during trial.

1  not apply to his case.

2  Report and Recommendation at 10.

3  **B.    Cause for Procedural Default**

4  This Court disagrees with this portion of the Report and Recommendation to the

5  extent that it concludes that *Martinez* is inapplicable if a prisoner was not appointed post-

6  conviction counsel.    The Supreme Court stated in *Martinez* that there are two

7  circumstances in which "a prisoner may establish cause for a default of an ineffective-

8  assistance claim[.]   The first is where the state courts *did not appoint counsel in the*

9  *initial-review collateral proceeding for a claim of ineffective assistance at trial*.   The

10  second is where appointed counsel in the initial-review collateral proceeding, where the

11  claim should have been raised, was ineffective under the standards of *Strickland v.*

12  *Washington*, 466 U.S. 668 (1984)[.]"  *Martinez*, 132 S. Ct. at 1318 (emphasis added).

13  Mr. Bonin's case presents a factual scenario that was not discussed by the

14  Supreme Court in its *Martinez* opinion.   Mr. Bonin was not appointed post-conviction

15  counsel because his Notice of Post-Conviction Relief was dismissed as untimely before

16  the stage of proceedings at which counsel is appointed.   It is unclear whether the rule of

17  *Martinez* should apply to these facts.   Mr. Bonin alleges he untimely filed his Notice

18  because his trial and appellate counsel advised him to not pursue post-conviction relief

19  and did not provide him with his case file so that Mr. Bonin could make his own

20  independent determination.   Mr. Bonin's counsel's advice to not pursue post-conviction

21  relief is not tied to counsel's representation in the direct appeal process and could be

22  viewed as essentially post-conviction relief legal advice that is arguably ineffective.   It

23  could also be said that it does not matter under *Martinez* that Arizona would have

24  appointed him counsel if Mr. Bonin had filed a timely Notice because his failure to do so

25  was the fault of previous ineffective counsel.   However, Mr. Bonin's case could also

26  present a scenario that is simply outside the bounds of *Martinez*.   This Court need not

27  decide the issue, however, because even if *Martinez* does apply, Mr. Bonin has not made

28  the requisite showing for overcoming a procedural default under *Martinez*.

1

### C.    Prejudice from Underlying Violation of Federal Law

2    To be able to overcome his procedural default under *Martinez*, Mr. Bonin must

3    show that his underlying ineffective assistance of trial and appellate counsel claims are

4    substantial, meaning they have "some merit."   *Martinez*, 132 S. Ct. at 1318; *see also*

5    *Dickens v. Ryan*, 740 F.3d 1302, 1319-22 (9th Cir. 2014) (en banc).[2]   Mr. Bonin has

6    failed to show that his underlying ineffective assistance of trial and appellate claims are

7    substantial.

8
### 1.    Ineffective assistance of counsel claim for failing to provide voir dire transcript
9

10    Mr. Bonin first alleges that his counsel was ineffective for failing to give him a

11    transcript of the trial voir dire proceedings after his appeal to the Arizona Court of

12    Appeals.   "[R]epresentation is only constitutionally inadequate if counsel's conduct is

13    unreasonable and results in prejudice to the defendant."   *Daire v. Lattimore*, 780 F.3d

14    1215, 1218 (9th Cir. 2015) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).   Mr.

15    Bonin does not argue that the deprivation of the voir dire transcripts prejudiced him in

16    any specific way, and while "[c]ourts have a duty to construe pro se pleadings liberally,"

17    *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), this Court cannot find

18    any evidence in the record of prejudice resulting from Mr. Bonin's lack of voir dire

19    transcripts.   Without evidence of any prejudice, this claim cannot be said to have merit.

20
### 2.    Ineffective assistance of counsel claim for failing to provide case file within thirty days of the Court of Appeals' ruling
21

22    Mr. Bonin next contends that his counsel was constitutionally deficient because

23    counsel did not give him his case file within thirty days of the Arizona Court of Appeals'

24    ruling (*i.e.*, the amount of time Mr. Bonin had to file a timely notice of post-conviction

25    relief).   He also alleges that his counsel instructed him not to pursue a further appeal

26    _____

27    [2] Although *Martinez* discussed ineffective or nonexistent counsel as cause for the procedural default of claims that *trial* counsel was ineffective, the Ninth Circuit has since concluded that the same reasoning and rule applies to the procedural default of claims
28    that *appellate* counsel was ineffective.   *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1293-96 (9th Cir. 2013).

before the Supreme Court, or to seek relief from the post-conviction relief process. Assuming without deciding that the alleged conduct occurred and that it was unreasonable under prevailing professional standards, Mr. Bonin has not made the requisite showing that but for the conduct, "the result would have been different." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 694).

Mr. Bonin argues that he was prejudiced by his counsel's failure to give him his case file within the time allotted to file his Notice of Post-Conviction Relief because it caused Mr. Bonin to file his Notice of Post-Conviction Relief late, which in turn caused the Arizona Superior Court for Pima County to summarily dismiss it.  However, even if Mr. Bonin had filed his Notice on time, the Superior Court still would have dismissed his claims.

If he had been able to go forward with the post-conviction relief process, Mr. Bonin could have challenged his conviction on eight possible grounds; of the eight options, Mr. Bonin raised four issues in his belated Notice of Post-Conviction Relief.  *See* Ariz. R. Crim. P. 32.1(a) (conviction or sentence is unconstitutional), (e) (newly discovered facts exist that would have changed the outcome of trial), (f) (untimely filing of Notice of Post-Conviction Relief was not petitioner's fault), and (h) (clear and convincing evidence shows that no reasonable fact-finder would have found petitioner guilty).  The Superior Court found as a matter of fact that two of those grounds had no merit—*i.e.*, that Mr. Bonin did not have newly discovered facts and that the untimeliness of his Notice of Post-Conviction Relief was his responsibility—and Mr. Bonin has not provided any evidence to rebut the presumption that the court's finding was correct.  *See* Ariz. R. Crim. P. 32.1(e), (f); 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").  The remaining two grounds,

1    specifically that Mr. Bonin's conviction was in violation of the United States Constitution

2    and that there was insufficient evidence for a reasonable fact finder to find him guilty, are

3    properly determined to be meritless by Judge Bowman's Report and Recommendation.

4    *See* Report and Recommendation at 5-9.   Accordingly, no prejudice resulted from

5    counsel's allegedly ineffective conduct, and Mr. Bonin's claim must fail.

6                    ***3.***        ***Claim of general trial and appellate ineffective assistance of***
                            ***counsel***
7

8         This Court can discern two claims within Mr. Bonin's claim of general ineffective

9    assistance of trial and appellate counsel.   First, that counsel rendered ineffective

10   assistance by failing to introduce evidence during Mr. Bonin's trial for aggravated

11   driving under the influence ("DUI") that certain medications might have compromised

12   the reliability of his blood alcohol content test.   Second, that counsel rendered ineffective

13   assistance by failing to challenge the use of the aggravated DUI statute on the ground that

14   its application violated the *ex post facto* clause of the United States Constitution.   *See*

15   U.S. Const. art. I, § 9, cl. 3.

16                   ***a.***        ***Failure to present evidence of medicinal effect upon***
                            ***breathalyzer***
17

18        Mr. Bonin argues that his counsel was deficient for failing to introduce evidence

19   during trial that medications that he was on when he was arrested might have invalidated

20   the blood alcohol content test results.   However, the record shows that Mr. Bonin's expert

21   Mr. Chester Flaxmayer *did* present evidence that certain medications—as well as

22   mouthwash, body temperature, and breathing patterns—could influence breathalyzers.

23   Accordingly, it cannot be said that counsel's conduct was either "unreasonable" or

24   "result[ed] in prejudice" to Mr. Bonin.   *Daire*, 2015 WL 1259551 at *1.

25                   ***b.***        ***Failure to challenge prosecution on ex post facto grounds.***

26        Mr. Bonin argues that his counsel was also deficient for failing to argue at trial

27   that his prosecution violated the constitutional prohibition against *ex post facto* laws

28   because the statute under which he was convicted was enacted after certain aggravating

factors occurred.  The *ex post facto* clause prohibits the legislature from passing any law that, among other things, retroactively criminalizes conduct that was innocent when committed.   *Weaver v. Graham*, 450 U.S. 24, 28 (1981).   "The critical question is whether the law changes the legal consequences of acts *completed before* its effective date."  *Weaver*, 450 U.S. at 31.  That is not the scenario here.

Mr. Bonin committed two DUI offenses in 1997.  In January 2006, the Arizona legislature made it a crime to commit a third DUI offense if the previous two DUI offenses were within the preceding sixty months.  A.R.S. § 28-1383 (2006) (enacted Jan. 31, 2006).  Later that year, the legislature amended the statute to prohibit the commission of a third DUI offense if the previous two DUI offenses were within the preceding eighty-four months.  A.R.S. § 28-1383 (2006) (enacted Sept. 21, 2006).  About a year-and-a-half-later, in February 2008, Mr. Bonin committed his third DUI offense.  He now argues that because when he committed the first two offenses in 1997, it was not criminal to commit a third offense eighty-four months after committing the first two offenses, the prosecution of the third offense is unlawful.

Mr. Bonin arrives at this conclusion by considering the status of the law at the wrong point in time.  Mr. Bonin is considering the status of the law at the time that he committed the first two DUI offenses.  However, the time that dictates whether or not a law violates the Ex Post Facto clause is *the time at which the act being criminalized is committed*.  *See, e.g.*, *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003); *Flemming v. Ore. Bd. of Parole*, 998 F.2d 721, 723-24 (9th Cir. 1993).  Accordingly, because Mr. Bonin was prosecuted and sentenced for committing a third DUI offense, the Court must look to the status of the law at the time of Mr. Bonin's commission of that third DUI offense.  When Mr. Bonin committed his third DUI offense—the act criminalized by §28-1383—committing that act within eighty-four months of the first and second DUI offenses had been a criminal act for at least seventeen months.  Because Mr. Bonin's third DUI offense was completed after it became criminal to commit such an offense, his prosecution did not offend the Constitution's prohibition of *ex post facto* laws.

*III.    Conclusion*

After independently reviewing the parties' briefs and the record, the Court finds that Judge Bowman's Report and Recommendation ultimately correctly concludes that Mr. Bonin's Petition should be denied.

Before Petitioner can appeal this Court's judgment, a certificate of appealability must issue.  *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1).  A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  A substantial showing is made if "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner," or if "the issues presented were adequate to deserve encouragement to proceed further."  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (internal quotation omitted).  Upon review of the record in light of the standards for granting a certificate of appealability, the Court concludes that a certificate shall not issue because the resolution of the Petition is not debatable among reasonable jurists and does not deserve further proceedings.

**IT IS HEREBY ORDERED**:

1.    Magistrate Judge Bowman's Report and Recommendation (Doc. 22) is **accepted and adopted**, except to the extent that it states that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), is inapplicable in situations where a prisoner is not appointed post-conviction counsel.

2.  Mr. Bonin's Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.

3.  This case is **dismissed with prejudice**.  The Clerk of the Court is directed to enter judgment accordingly and close this case.

4.  The Court declines to issue a certificate of appealability.

Dated this 4th day of May, 2015.

_____
Honorable Rosemary Márquez
United States District Judge